# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

FARMERS ALLIANCE MUTUAL )
INSURANCE COMPANY, )
                                                )
              Plaintiff, )
                                                )
vs. )    Case No. CIV-09-552-M
                                                )
CLAYTON L. DILBECK and )
TINA J. DILBECK, )
                                                )
            Defendants. )

## **ORDER**

Before the Court is defendants' Motion to Dismiss, filed August 7, 2009. On August 17, 2009, plaintiff filed its response.

This case arises out of an alleged theft and fire that destroyed defendants' barn, along with all of the contents therein, on January 17, 2009. At the time, defendants' property was insured by plaintiff, and defendants presented a claim for the alleged stolen and damaged property to plaintiff. After an investigation of the claim, plaintiff determined that the terms and conditions of the insurance policy did not provide coverage for defendants' alleged loss. Defendants dispute plaintiff's determination that there is no coverage under the insurance policy. Due to the parties' dispute, plaintiff brought the instant declaratory judgment action, wherein plaintiff is requesting that the Court declare and adjudicate the rights of the parties.[1]

Defendants now move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, defendants assert that this action should be

---

[1]In their motion to dismiss, defendants assert that plaintiff never notified them that the claim was denied until this action was filed on May 18, 2009, and that they first received notice of the denial on June 9, 2009, when defendants' counsel was faxed a copy of the Complaint for Declaratory Judgment.

dismissed because the complaint is wholly conclusory in nature and because plaintiff failed to comply with the Oklahoma Insurance Code.

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (internal quotations and citations omitted).

Having carefully reviewed the Complaint for Declaratory Judgment, the Court finds plaintiff has set forth sufficient allegations, albeit barely, to properly plead an action for declaratory judgment. Specifically, the Court finds that plaintiff has set forth sufficient allegations to establish that plaintiff has determined that the terms and conditions of the insurance policy provide no coverage for defendants' claim, that defendants dispute this determination, and, thus, that there is

an actual controversy between the parties within the meaning of 28 U.S.C. § 2201. The Court, therefore, finds that this action should not be dismissed based upon the alleged conclusory nature of the complaint.

Defendants also assert that this action should be dismissed based upon plaintiff's alleged failure to comply with the Unfair Claims Settlement Practices Act of the Oklahoma Insurance Code, specifically Okla. Stat. tit. 36, § 1250.7. The Oklahoma Supreme Court, however, has found that there is no private right of action for violations of the Unfair Claims Settlement Practices Act. *Walker v. Chouteau Lime Co., Inc.*, 849 P.2d 1085, 1087 (Okla. 1993). Because there is no private right of action for violations of the Unfair Claims Settlement Practices Act, the Court finds that alleged violations of the Unfair Claims Settlement Practices Act can not be relied upon to dismiss a case. Accordingly, the Court finds that this action should not be dismissed based upon any alleged violations of the Unfair Claims Settlement Practices Act of the Oklahoma Insurance Code.

Therefore, for the reasons set forth above, the Court DENIES defendants' Motion to Dismiss [docket no. 10].

**IT IS SO ORDERED this 9th day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE